UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MACH FLYNT INC.** | **:** | **CIVIL ACTION NO. 2:24-CV-01444** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **VERITIV OPERATING CO.** | **:** | **MAGISTRATE JUDGE LEBLANC** |

<u>MEMORANDUM ORDER</u>

Before the court is Plaintiff's Motion to Seal Attached Document [doc. 6] filed by MACH Flynt, Inc. ("Flynt"), seeking to file under seal an unredacted version of the Master Supply Agreement (the "Agreement") executed by Flynt and defendant Veritiv Operating Company ("Veritiv"). *Id.* at p. 1. The Agreement is to be attached to Plaintiff's complaint as Exhibit 1. *Id.* Flynt's motion certifies Veritiv does not oppose the relief sought provided that the Agreement remains under seal. *Id.* at p. 3.

As no opposition to the foregoing motion has been filed, the court will treat the motion as unopposed. For reasons set forth below, the court finds that the motion should be **GRANTED IN PART**.

I.
BACKGROUND

Plaintiff filed suit against Veritiv in this court on October 20, 2024. Doc. 1. The suit alleges claims of breach of express warranty and breach of contract arising out of the Agreement between the parties. *Id.* at ¶¶ 12-17. The complaint also prays for a declaratory judgment declaring that the products delivered to Plaintiff under the Agreement were defective and that the Agreement is cancelled and/or terminated. *Id.* at ¶18.

Plaintiff now asks this court to seal the Agreement[1] and subsequently attach it to Plaintiff's complaint [doc. 1]. Plaintiff argues that it has an interest in keeping the contract confidential to both protect its bargaining power in the market and to adhere to its contractual obligations under the Agreement which contains a confidentiality provision. Doc. 6, pp. 2-3.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 5.2(d), a "court may order that a filing be made under seal without redaction." The Fifth Circuit, however, has held that "courts should be ungenerous with their discretion to seal judicial records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). When considering a motion to seal, the court must consider the public's "'common law right to inspect and copy judicial records.'" *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). "This right 'promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system.'" *Id.* (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)) (brackets in original).

This common-law right is not absolute, however, and the "common law merely establishes a presumption of public access to judicial records." *Id.* at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848). This presumption can be rebutted by "compelling countervailing interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421. Thus, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Bradley*, 954 F.3d at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848). Specifically, judges "must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing" of these rights and interests. *Binh Hoa Le*, 990

---

[1] Attached to the instant motion. Doc. 6, att. 2.

F.3d at 419.  This balancing should also include the consideration of less drastic measures to assure that the sealing, if warranted, is congruent with the need. *Id.* at 420 (citing *In re Gee*, No. 19-30953, slip op. at 6–7 (5th Cir. Nov. 27, 2019)).

Here, the court finds that there are less drastic measures available than sealing the whole Agreement which will protect both the public's right of access and the parties' interest in keeping the material terms of the Agreement confidential.  Plaintiff's interest in sealing the Agreement is twofold: to maintain "confidentiality of the terms on which it agrees to conduct business, including information impacting the pricing of its products," and to adhere "to its contractual obligations, including the confidentiality provision of its Agreement." Doc. 6 pp. 2-3.

First, Plaintiff argues that if the terms of the contract became public, Plaintiff's bargaining power in the market could be impaired as the contract reflects current market conditions. *Id.*  While the court recognizes this important interest, it does not believe that it warrants sealing the whole Agreement.  After analyzing the Agreement "line-by-line," it is apparent that the pricing of Plaintiff's products appears only in the attachment to the Agreement marked "Exhibit A." Doc. 6, att. 2, p. 6.  As for the rest of the Agreement, the court finds nothing commercially sensitive.  Specifically, other than the attachment marked "Exhibit A," the Agreement contains only typical terms of a supply agreement.

Second, Plaintiff argues the Agreement must be filed under seal to uphold the confidentiality provision therein. Doc. 6 pp. 2-3.  Again, while the court recognizes this important interest, it does not believe that it warrants sealing the whole Agreement.  As the claims of the complaint revolve around the terms of the Agreement, the public has a strong interest in accessing Plaintiff's complaint and exhibits thereto to fully understand the case and future decisions by the

court. Further, as stated above, the public's interest outweighs the need for confidentiality as the terms of the Agreement, other than "Exhibit A," contain nothing commercially sensitive.

Accordingly, to protect the parties' business interests, the court will allow Plaintiff to file a redacted version of the Agreement as part of its Complaint. Plaintiff is to redact only the pricing terms found in "Exhibit A" attached to the Agreement [doc. 6, att. 2, p. 6]. Plaintiff shall file an unredacted version of "Exhibit A" to the Agreement under seal.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the instant motion [doc. 6] is **GRANTED IN PART**, insofar as Plaintiff is allowed to file as Exhibit 1 to its Complaint [doc. 1] a redacted version of the Agreement in accordance with this order, and Plaintiff shall file an unredacted version of "Exhibit A" to the Agreement into the record under seal, which shall remain under seal until further order of this Court.

**IT IS FURTHER ORDERED** that the instant motion [doc. 6] is **DENIED IN PART**, insofar as Plaintiff seeks to file the entirety of the Agreement under seal.

SO ORDERED at Lake Charles, Louisiana, this 9th day of January, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE